# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|                          |     |                       |
|--------------------------|-----|-----------------------|
| ADRIAN STEWART,          | )   |                       |
|                          | )   |                       |
|    Plaintiff, | ) |                     |
|                          | )   |                       |
|                          | )   |                       |
| VS.                      | )   | No. 18-2522-JDT-cgc   |
|                          | )   |                       |
|                          | )   |                       |
| SHELBY COUNTY, ET AL.,   | )   |                       |
|                          | )   |                       |
|    Defendants. | ) |                    |

---

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

---

On July 27, 2018, Plaintiff Adrian Stewart, who is incarcerated at the Shelby County Criminal Justice Center in Memphis, Tennessee, filed a *pro se* complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on August 2, 2019, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as Shelby County,[1] the City of Memphis, Sergeant F. Frias of the Memphis Police Department (MPD), and Amy Weirich, the Shelby County District Attorney.[2]

---

[1] Stewart lists Defendant Shelby County as the "Shelby County Government." (ECF No. 1 at PageID 1.)

[2] Stewart also purports to sue "other unknown defendants." Service of process cannot be

Stewart's complaint generally asserts claims of false arrest and false imprisonment, malicious prosecution, conspiracy, and various state-law claims.  (ECF No. 1 at PageID 1.)  His claims are based on a March 2017 interrogation—during which he alleges Defendant Frias did not allow him to speak with an attorney or his family and held him for sixteen hours—and his arrest earlier the same month.  (*Id.* at PageID 3-7.)  Stewart alleges that Frias "presented deliberate false hoods [sic] to the tribunal" in a statement of probable cause, which Stewart says incorrectly stated that he had been identified by a witness as a participant in the alleged crimes.  (*Id.* at PageID 6.)  Stewart challenges the identification procedure as "impermissably [sic] suggestive." (*Id.*)

Stewart also challenges evidence used to identify and convict him in a 2014 case.  (*Id.* at PageID at 7-8.)  He alleges that he was misidentified because of "police department's policy and procedure that's intentionally designed to prejudice the accused or suspect." (*Id.* at PageID 8.)  He alleges that Defendant Weirich conspired with "other unnamed defendants" to violate his civil rights because of his race.  (*Id.* at PageID 8.)  Stewart contends that Weirich knew that her subordinates intended to discriminate against him and other unnamed persons but failed to stop it from happening.  (*Id.* at PageID 9.)

Stewart also takes issues with his indictment, alleging that he was indicted using a "Rubber-Stamp Procedure" to falsify the grand jury foreperson's signature and use the

---

made on an unknown or fictitious party.  The filing of a complaint against a "John Doe" or "Jane Doe" defendant does not toll the running of the statute of limitation against that party.  *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

name of someone who "doesn't posses [sic] all qualifications of a juror." (*Id.*)  He alleges that Defendant Weirich has in some way "influenced the decision of the 'Grand Jury,' [and] and [sic] the 'Grand Jury Foreman' in returning true bill indictments." (*Id.* at PageID 10.)  Stewart further alleges that unnamed "Criminal Court judges all participate and affirm these civil rights violations . . . [and] condone and acknowledge this violative procedure." (*Id.* at PageID 11.)

Stewart further alleges that the MPD "has a policy and procedure of arresting the accused for further investigation without probable cause" and that Defendant Weirich "sanctioned and condoned" this policy. (*Id.* at PageID 12.)  He alleges that the MPD had a defamatory article published in a local newspaper that falsely stated Stewart was identified as the person responsible for crimes that he alleges he did not commit. (*Id.* at PageID 13.)  According to Stewart, these false reports have left him "financially ruined." (*Id.* at PageID 14.)

Stewart sues Defendant Weirich in her official and individual capacities. (*Id.* at PageID 2.)  He does not specify the capacity in which he sues the other Defendants. Stewart seeks a declaratory judgment, a permanent injunction and order compelling Defendant Weirich and the MPD to cease the practice of detaining and questioning individuals without probable cause merely for the purpose of investigation, and compelling Weirich and the MPD to cease their alleged "Rubber Stamp" and racial-profiling policies. (*Id.* at PageID 16-18.)  He further seeks compensatory and punitive damages. (*Id.* at PageID 17-18.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Stewart filed his complaint pursuant to various statutes, including 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Stewart also purports to assert claims under 42 U.S.C. §§ 1985(2) and (3), 1986, and 1988. Section 1985(2) contains two separate clauses separated by a semi-colon. The first "forbids a conspiracy to deter a party or witness in a federal court from attending or testifying in court, punishing parties or witnesses for having attended or testified in federal

court, or influencing or punishing federal jurors." *Id.* Stewart does not allege that the Defendants attempted to deter him from attending or testifying in any federal court. The second clause, which "applies to conspiracies to obstruct the course of justice in state courts," *Bragg v. Madison*, 20 F. App'x 278, 285 (6th Cir. 2001) (citing *Kush v. Rutledge*, 460 U.S. 719, 725 (1983)), also is not applicable to his claims.

Section 1985(3) "applies to conspiracies for the purpose of depriving, directly or indirectly, a person . . . of the equal protection of the laws." *Bragg*, 20 F. App'x at 285 (internal citation omitted). To state a claim under § 1985(3), Stewart "must demonstrate that there was 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Kush*, 460 U.S. at 726); *see also Vakilian v. Shaw*, 335 F.3d 509, 519 (6th Cir. 2003) (quoting *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 994 (6th Cir. 1994)) (noting that "[a] class protected by section 1985(3) must possess the characteristics of a discrete and insular minority, such as race, national origin, or gender"). Section 1986 provides an action against any person who knows of the wrongs conspired to be done in violation of § 1985 and neglects or refuses to prevent the commission of those wrongs.

Stewart generally alleges that Defendant Weirich conspired against him because of his race and allowed or encouraged others to do the same. However, Stewart provides no facts in support of these conclusory allegations, which the Court need not accept as true. *See Iqbal*, 556 U.S. at 679. He does not allege what actions Weirich or her insubordinates took, explain how those actions show a discriminatory animus, or name any person besides

Weirich who took part in the alleged discrimination. Because he alleges no facts in support of his conclusions, he does not state a claim under §§ 1985(3) or 1986.[3]

Section 1988 merely discusses the applicability of laws and awarding of attorney's and expert's fees in proceedings under 42 U.S.C. §§ 1981 through 1986. It does not provide a separate cause of action.

Stewart's § 1983 claims against Defendant Weirich in her official capacity are construed as claims against the State of Tennessee.[4] The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways &*

---

[3] To the extent Stewart seeks to sue on behalf of other inmates against whom the Defendants allegedly discriminated, he lacks standing to assert those claims. One of the three elements of standing is that "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks, footnote and citations omitted). "In requiring a particular injury, the Court meant that the injury must affect the plaintiff in a personal and individual way." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (internal quotation marks and citation omitted).

[4] While Weirich is often referred to as the Shelby County District Attorney, Stewart correctly points out that her title is the District Attorney General for the Thirtieth Judicial District of Tennessee. (ECF No. 1 at PageID 2.) As such, she is an employee of the State of Tennessee, not Shelby County or the City of Memphis. *See White v. Swafford v. Gerbitz*, 860 F.2d 661, 663 n.2 (6th Cir. 1988) (Noting that district attorneys general and their assistants "prosecute suits on behalf of the state, Tenn. Code Ann. § 8-7-103, and receive an annual salary payable out of the state treasury, Tenn. Code Ann. §§ 8-7-105 and 8-7-201." Therefore, they are employees of the State of Tennessee.); *see also Hembree v. Office of the Dist. Attorney Gen. for the 13th Judicial Dist. of Tenn.*, No. 2:18-cv-00097, 2019 WL 1437913, at *2 (M.D. Tenn. Apr. 1, 2019).

*Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Stewart thus has no claim for money damages against Defendant Weirich in her official capacity.

Stewart also has no valid claims against Shelby County or the City of Memphis. A local government such as a municipality or county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality may be held responsible for a constitutional deprivation only if there is a direct causal link between a municipal policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

"[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Stewart alleges that the MPD has a policy of arresting accused persons for further investigation without probable cause and that Defendant Weirich condoned this policy. However, he does not sufficiently connect this alleged policy to the City of Memphis or Shelby County. At most, Stewart alleges that Defendant Weirich and the MPD instituted these policies.[5] Those allegations alone are insufficient to hold the municipalities responsible for the alleged actions of their employees. Stewart therefore fails to state a claim against Shelby County or the City of Memphis.

Stewart's primary allegations concern two state criminal investigations and prosecutions with which he takes issue. To the extent that Stewart asks this Court to intervene in a pending criminal proceeding, the Court cannot. As the Sixth Circuit has recognized, "federal courts should not entertain challenges to pending state court proceedings where intervention would improperly impinge on important state interests." *Watts v. Burkhart*, 854 F.2d 839, 844 (6th Cir. 1988) (citing *Huffman v. Pursue, Ltd.*, 420

---

[5] Stewart alleges that Weirich "has the ultimate authority over the Memphis Police Department." (ECF No. 1 at PageID 2.) As stated, *supra* note 4, Weirich is an employee of the State of Tennessee, not the City of Memphis. Therefore, she cannot have "ultimate authority" over the MPD.

U.S. 592 (1975)). Federal courts may intervene only "when absolutely necessary for protection of constitutional rights." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (quotation omitted). There must be "exceptional circumstances" showing the risk of "irreparable injury" that is "both great and immediate." *Id.* at 46 (quotation omitted).

Stewart does not allege any extraordinary circumstances that would permit the Court to intervene in an ongoing state criminal case. The Court must abstain from intervening in the proceedings in Shelby County.

To the extent Stewart seeks a reprieve from a concluded state-court prosecution, his claim is not cognizable under § 1983. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87. Stewart does not allege that any conviction has been reversed, expunged, or declared invalid. He does not state a claim for relief.

For the foregoing reasons, Stewart's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form

of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Stewart should be given an opportunity to amend his complaint.

In conclusion, Stewart's complaint is DISMISSED for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Because all of the federal claims are being dismissed, the Court DECLINES to exercise supplemental jurisdiction over any claims arising under state law. Those state law claims are DISMISSED without prejudice to refiling pursuant to 28 U.S.C. § 1367(c)(3). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one (21) days after the date of this order.

Stewart is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached

to the complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.   Stewart is advised to focus his attention on providing facts in support of his claims of racial discrimination.  Each claim for relief must be stated in a separate count and must identify each defendant sued in that count.  If Stewart fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**          
JAMES D. TODD
UNITED STATES DISTRICT JUDGE